IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

**FILED**

DEC 1 0 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

CLINTON STRANGE,

Plaintiff

6:18-CV-00180-ADA-JCM

v.

GLOBAL VIRTUAL OPPORTUNITIES, INC.,

Defendant

## PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT

## Preliminary Statement:

Pro Se Plaintiff Clinton Strange hereby moves, pursuant to Federal Rule of Civil Procedure 55(b), for Default Judgement against Defendant GLOBAL VIRTUAL OPPORTUNITIES, INC. on the basis that Defendant failed to serve a response to Plaintiff's complaint within the time permitted under Federal Rule of Civil Procedure 12(a), and Defendant has not otherwise appeared in this action. In support of this request the Plaintiff relies upon the record in this case and the affidavit submitted herein.

## Factual Statements Regarding Lawful Service of Summons and Complaint:

1. Plaintiff filed his complaint over-the-counter "otc" with the U.S. District Clerk's office in the Waco, Texas Division on July 3, 2018. [ECF No.7].

2. On September 6, 2018 at 10:18am CST a Deputy U.S. Marshall served an individual named M. Diaz the summons and complaint at the address of the Defendant's registered agent. [ECF No. 8].

3. Defendant knew that the registered agent had been served the summons and complaint because the Defendant's President emailed the Plaintiff 69 minutes after Service was made [*See Exhibit A*].

4. Prior to the lawful service of process ; the Plaintiff's last communication from or with Defendant was ~ 3 Months prior [*See Exhibit A*].

5. The Deadline for a response by the Defendant to the Summons and Complaint was September 27, 2018. [ECF No.8].

6. The Clerk entered a Clerk's Entry of Default on October 11,2018 [ECF No.11].

7. Defendant has failed to respond to the summons and complaint that Plaintiff caused to be served upon Defendant's registered agent by the U.S. Marshall Service on September 6, 2018 at 10:18am CST. Defendant has not filed any response to the Plaintiff's complaint, Defendant has not entered an appearance in this matter, nor has Defendant sought additional time within which to respond or otherwise appear in this action.

8. The Defendant's Registered agent resigned on September 18, 2018. Plaintiff as of the date of this filing has no listed registered agent to serve copies of court filings on [*See Exhibit B*].

### Defendant is Not in Military Service:

9. The Defendant is not a "servicemember"; and a Corporation CANNOT claim protection under the Servicemembers Civil Relief Act "SCRA" 50 U.S. Code §3911(1).

10. In a case before the Third Circuit Court of Appeals the issue of Corporations and/or their Officers and Directors seeking protection under

the SCRA came about, and the court denied the alleged miscreant relief

*Davis v. City of Philadelphia*, No. 15-2937 (3d Cir. 2016) [*See Exhibit C*].

11. The Defendant in this case has not however appeared at all and has not invoked protection under the SCRA.

12. The Defendant is a Corporation and cannot be afforded the protection of the SCRA under the law.

13. Plaintiff did make an effort to ensure compliance with the SCRA by going online to the U.S. Department of Defense Manpower Data Center Website and performing a search for the Defendant.

**14.** The search as referenced in the foregoing paragraph indicated that the Defendant is NOT in Military service, and NOT entitled to relief under the SCRA [*See Exhibit D*].

WHEREFORE, Plaintiff prays that the Court will enter a Judgement of Default against the Defendant.

Respectfully Submitted,

X _Clinton Strange_          12-6-2018
Clinton Strange                Dated
Pro Se
7021 Winburn Drive
Greenwood, LA 71033
318-423-5057
parsmllc@gmail.com

# EXHIBIT A

**From:** Joel Therien
**Sent:** Thursday, September 6, 2018 11:27 AM
**To:** Precision Appliance Repair
**Subject:** Re: Letter received to Global Virtual Opportunities

Hi Clinton,

Took me 2 weeks to find this email address wow kind of off. 47usc227etseq@gmail.com is not exactly memorable.
did you get the signed copy of your summons?

On Wed, Jun 6, 2018 at 2:23 PM, Precision Appliance Repair <47usc227etseq@gmail.com> wrote:

Dear Joel Therien:


    May I please have the names and contact information for the marketing firms you 'reached out to' so I may reach out to them?


Regards,

Clinton Strange



Sent from Mail for Windows 10


**From:** Joel Therien
**Sent:** Wednesday, June 6, 2018 10:05 AM
**To:** 47usc227etseq@gmail.com; Ilona
**Subject:** Letter received to Global Virtual Opportunities



Dear Mr Strange,



In no way did we admit we sent the text message because we didnt. Lets get that 100% clear.
In fact we have no idea who sent it. We reached out to a few marketing firms promoting our products so we were here to help you not hinder you.

# EXHIBIT B





# Franchise Tax Account Status

As of : 12/06/2018 07:08:55

**This Page is Not Sufficient for Filings with the Secretary of State**

| GLOBAL VIRTUAL OPPORTUNITIES, INC. | |
|---|---|
| **Texas Taxpayer Number** | 19805312725 |
| **Mailing Address** | 6701 GUADA COMA DR SCHERTZ, TX 78154-3247 |
| **❷ Right to Transact Business in Texas** | ACTIVE |
| **State of Formation** | DE |
| **Effective SOS Registration Date** | 06/15/2007 |
| **Texas SOS File Number** | 0800830111 |
| **Registered Agent Name** | Not on file |
| **Registered Office Street Address** | |

# EXHIBIT C

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2937
_____

MICHAEL E. DAVIS;
GLOBAL SALES CALL CENTER LLC

v.

CITY OF PHILADELPHIA

Michael E. Davis,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cv-06979)
District Judge: Honorable Gerald J. Pappert

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 4, 2016

Before:  McKEE, *Chief Judge*, SMITH, and HARDIMAN,
*Circuit Judges*.

(Filed: May 4, 2016)

Earl D. Raynor, Jr.
234 North Peach Street
Philadelphia, PA 19139
          *Counsel for Appellant*

Michael A. Siddons
230 North Monroe Street
P.O. Box 403

1

Media, PA 19063
            *Counsel for Appellee*

                        ———————

                OPINION OF THE COURT

                        ———————

HARDIMAN, *Circuit Judge.*

        Federal law confers various protections on United
States servicemembers called to active duty. Among these are
limits on the interest and penalties that may be charged to a
servicemember for overdue property taxes. Michael Davis,
who served his country in both Iraq and Afghanistan, appeals
the District Court's order dismissing his lawsuit challenging
delinquent property tax interest and penalties that the City of
Philadelphia assessed against his company while he was on
active duty. The question presented by this appeal is whether
the protections afforded to Davis as a servicemember extend
to his company's property.

                            I

        Davis and his wife purchased a two-story, three-
bedroom rental property at 5624 Willows Avenue in
Philadelphia on July 15, 1997. A longtime member of the
United States Army Reserve, Davis was called to active duty
in December 2004. A few months after he was called up,
Davis and his wife transferred the property to Global Sales
Call Center LLC, a Pennsylvania company that is solely
owned and managed by Davis.[1] Davis served six months of
active duty in Iraq in 2005 and three years in Afghanistan
between 2008 and 2011.

        ———————————————

        [1] The Davises did so to "insulate themselves from
liability because [Davis] was on active duty [in the Army]
and his wife was unable to manage the property." *Davis v.
City of Philadelphia*, 2015 WL 4461770, at *1 n.1 (E.D. Pa.
July 21, 2015).

                            2

In December 2009, Davis and Global asked the Philadelphia Department of Revenue to reduce Global's property tax debt in accordance with the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. § 3901 *et seq.*, which limits any interest imposed on a servicemember's delinquent property taxes during his period of active duty to a rate of six percent and forbids any additional penalties.[2] 50 U.S.C. §§ 3991(d), 3937(a)(1). The Department denied this request on the grounds that the SCRA does not apply to a business owned by a servicemember, telling Davis that he should instead file an abatement petition with the Philadelphia Tax Review Board. Davis did so in January 2010, rehashing his SCRA argument and requesting a recalculation of the interest and penalties assessed against Global based on its overdue property taxes. The Review Board denied the petition after a March 2011 hearing.

Two years later the City of Philadelphia initiated foreclosure proceedings on Global's property because of its failure to pay the delinquent property taxes and associated interest and penalties, and the Philadelphia Court of Common Pleas entered judgment in the City's favor. In a subsequent hearing upon a petition to open the judgment, Davis again requested an abatement of Global's debt, reasserting that the interest and penalties assessed by the City violated the SCRA and neglecting to inform the Court that the Review Board had already considered and rejected this argument. After learning of the Review Board's decision, the Court of Common Pleas ruled in the City's favor and signed the foreclosure petition.

Davis and Global then turned to federal court, suing under 42 U.S.C. § 1983, which "provides a recovery mechanism for the deprivation of a federal right by a person acting under color of state law." *Hynson By & Through Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1029 (3d Cir. 1988). The City moved to dismiss, arguing that it had applied the SCRA to Davis's personal liabilities (those arising

---

[2] Davis alleges that nearly half of the $17,120.47 demanded by the City in back taxes and court costs is illegal under the SCRA.

during the brief period between Davis's transition to active duty and his transfer of the Willows Avenue property to Global) and that both Davis and Global lack standing.

The District Court granted the City's motion. The Court reasoned that the SCRA extends only to servicemembers and that a corporation is not a "servicemember" under the statute. *Davis v. City of Philadelphia*, 2015 WL 4461770, at *3 (E.D. Pa. July 21, 2015). Accordingly, it concluded that Global was without statutory standing to seek relief under the SCRA. *Id.* The Court also dismissed Davis's suit, holding that—because he was not personally liable for Global's tax debt—he "has not been denied relief under the SCRA." *Id.*

Global did not appeal, but Davis did.[3]

## II

This appeal is our first opportunity to interpret the Servicemembers Civil Relief Act. This straightforward statute provides that any interest imposed on a servicemember's late property taxes during a period of active duty may not exceed six percent. 50 U.S.C. §§ 3991(a), (d), 3937(a), and 3911(2)(A)(i), (3). The law also bars any additional charges or interest under the guise of a "penalty." 50 U.S.C. § 3991(d). These property tax interest rate and penalty protections extend only to "property . . . owned individually by a *servicemember* or jointly by a servicemember and a dependent or dependents." 50 U.S.C. § 3991(e) (emphasis added). The SCRA defines a "servicemember" as "a member of the uniformed services." 50 U.S.C. § 3911(1).

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. We have jurisdiction under 28 U.S.C. § 1291. We reject the City's odd suggestion that our inquiry is merely whether the District Court's order is "clearly erroneous" or amounts to an abuse of discretion. City Br. 8, 13, 16; *but see id.* at 14–15 (correctly identifying our standard of review). Our review is plenary. *Ballentine v. United States*, 486 F.3d 806, 808 (3d Cir. 2007).

4

Although the parties view this case purely in terms of standing, we see it somewhat differently. As we shall explain, Global lacks standing, but Davis does have standing to sue.

Standing is a *sine qua non* in any case. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975). There are three types of standing: (1) constitutional standing owing to the "irreducible constitutional minimum" of the existence of an Article III "case or controversy," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); (2) prudential standing consistent with "judicially self-imposed limits on the exercise of federal jurisdiction," *United States v. Windsor*, 133 S. Ct. 2675, 2685 (2013); and (3) statutory standing, which is at issue in this case. Whereas "[c]onstitutional and prudential standing are about, respectively, the constitutional power of a federal court to resolve a dispute and the wisdom of so doing," statutory standing is simply a matter of statutory interpretation. *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir. 2007). We inquire "whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury." *Id.*

Applying these principles, the District Court correctly held that Global is not a "servicemember" under the SCRA, as it is not a "member of the uniformed services." 50 U.S.C. § 3911(1). Although federal law treats corporations as "people" in many respects, it does not deem them soldiers. Moreover, the SCRA limits the class of persons who may petition a court for relief under the Act to those with "servicemember" status. 50 U.S.C. § 4021(a). Thus, the plain language of the SCRA precludes Global's standing.

Unlike Global, Davis is a servicemember. As such, he is precisely the sort of plaintiff that the SCRA protects. Contrary to the City's arguments and the District Court's implicit holding, his complaint is not defeated for lack of statutory standing.

Unfortunately for Davis, he has not—and cannot—state a claim for relief under the SCRA. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

quotation marks omitted). To state a claim for relief, Davis was required to plead facts sufficient to prove the following elements of a SCRA claim: (1) an interest at a rate above six percent (2) assessed against a servicemember while on active duty (3) based on delinquent property taxes relating to "property . . . owned individually by a *servicemember* or jointly by a servicemember and a dependent or dependents." 50 U.S.C. § 3991(e) (emphasis added). Davis cannot satisfy the second or third elements because it is undisputed that Global owns the property in question and that Global alone is liable for the tax debt.[4] Under Pennsylvania law, Global has its own legal identity, so Davis may not invoke the SCRA on Global's behalf. Nor may Davis appeal to equity to pierce Global's corporate veil based purely on the unremarkable fact that Global has no corporate shareholders or personnel beyond Davis and absent any evidence that the entity was nothing but a sham, as it is well established that "[m]ere stock ownership by a small number of shareholders does not blur the distinction between individual and corporate entities." *In re Deed of Trust of Rose Hill Cemetery Ass'n*, 590 A.2d 1, 4 (Pa. 1991); *see also Sams v. Redevelopment Auth. of City of New Kensington*, 244 A.2d 779, 781 (Pa. 1968) ("[O]ne cannot choose to accept the benefits incident to a corporate enterprise and at the same time brush aside the corporate form when it works to their (shareholders') detriment."); *Barium Steel Corp. v. Wiley*, 108 A.2d 336, 341 (Pa. 1954) ("The fact that one person owns all of the stock does not make him and the corporation one and the same person.").

Contrary to Davis's argument, an SCRA provision circumscribing the obligations of servicemember-owned businesses hurts—not helps—his case. That provision states that "[i]f the trade or business . . . of a servicemember has an obligation or liability for which the servicemember is *personally liable*, the assets of the servicemember *not held in connection with the trade or business* may not be available for satisfaction of the obligation or liability during the servicemember's military service." 50 U.S.C. § 4026(a)

---

[4] Davis concedes that the City has applied the SCRA to his personal liabilities.

6

(emphases added). This simply means that "business creditors cannot execute on the servicemember's non-business assets to satisfy business debt." *Newton v. Bank of McKenney*, 2012 WL 1752407, at *6 (E.D. Va. May 16, 2012). A "necessary corollary to this rule is that business creditors *are* allowed to execute on the servicemember's *business assets* to satisfy business debt, even if the servicemember is personally liable for that business debt." *Id.* (emphases added). Hence, even in the event that some or all of the money owed by Global to the City effectively comes out of Davis's pocket, nothing in the SCRA would stand in the way so long as his non-business assets are respected.

### III

It is an unfortunate twist of law and fate that Davis and his wife, in transferring their rental property to Global in order to protect their financial interests during Davis's period of military service, unwittingly undermined existing safeguards of those interests. Undoubtedly, denying these safeguards to Davis's closely held company runs counter to the SCRA's ambition that servicemembers feel secure in their tax and legal affairs during their active duty deployments so that they may "devote their entire energy to the defense needs of the Nation." 50 U.S.C. § 3902(1). But Davis received all the benefits that come with incorporation, and he cannot have his cake and eat it too. The clear text of the SCRA limits its protections to property owned individually by a servicemember or jointly by a servicemember and a dependent. Because Global owns the property in question and the City has applied the SCRA's protections to Davis's personal liabilities, we will affirm the judgment of the District Court.

# EXHIBIT  D

IN THE MATTER OF:

*Strange v. Global Virtual Opportunities, Inc.* Case No. 6:18-CV-00180-ADA-JCM pending before:

THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS, WACO DIVISION

BEFORE ME SWORE, _Clinton Strange_ , a resident of the Parish of Caddo, in the State of Louisiana who is a natural person at the location of : _Shreveport_ , Louisiana on the date of: _December 6th_ , 2018; the following:

1. I, _Clinton Strange_ , am a party to this action as captioned above.

2. I have personally conducted a search via the internet at the United States Department of Defense Manpower Data Center website in regard to Defendant Global Virtual Opportunities, Inc., and have attached a document pertaining to that search as *Exhibit A*.

3. The document referred to and numbered using a "Certificate ID#" is a report from the DOD regarding whether "Global Virtual Opportunities" is in Military service and afforded protections or not under the SERVICEMEMBERS CIVIL RELIEF ACT" SCRA".

4. The Certificate ID # of the document is FYBCLPTSDZ30FDM.

5.  The certificate referenced in the foregoing paragraphs was generated on 11-1-2018 at 6:49 pm PST.

6.  The document indicates that Global Virtual Opportunities is NOT in Military Service as of 11-1-2018, and therefore not afforded protection under the "SCRA".

7.  As of December 6, 2018, the Defendant has not made an appearance or contacted, me, the Plaintiff to request more time to respond to this Lawsuit save the one e-mail that, I, the Plaintiff received from the Corporations President indicating their acknowledgement of being served the summons in this action on September 6, 2018 via their Registered Agent.

8.  In my complaint I feel that I sufficiently pled a claim on which the court could grant relief under The Telephone Consumer Protection Act of 1991, and seek damages from the Defendant pursuant to 47 U.S. Code § 227(b)(1)(A)(iii) in the amount of $500 to $1,500 for the violation of the act that I have demonstrated by the *Prima Facie* evidence in my complaint.

9.  Because the Defendant failed to appear and consequently discovery never occurred, I was not able to prove that the Defendant or alternatively their third-party marketing partner (that the Defendant admits to hiring but does not know who sent the text message/s) sent me more than just the one text message.

10.  The text message itself suggests that there were more than one text message/s sent to my cellphone.

11.  Accordingly, I believe the Defendant is liable to me for between $500 and $1,500 for the one documented text message, and the court at its discretion could award $3,000 in damages if persuaded by the evidence that there was more than one text message spam, along with costs of bringing the action.

*12-6-2018*

Dated

x *Delene O'Rear*

Notary Public

x *Clinton St~~*

Clinton Strange (Deponent)

*065476*

Notary Number

*7021 Winburn Dr, Greenwood, LA 71033*

Address of Deponent

# EXHIBIT A

Department of Defense Manpower Data Center

Results as of : Nov-01-2018 06:49:29 PM

SCRA 4.9



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:             XXX-XX-0111
Birth Date:      Jun-XX-2007
Last Name:       OPPORTUNITIES
First Name:      GLOBAL
Middle Name:     VIRTUAL
Status As Of:    Nov-01-2018
Certificate ID:  FYBCLPTSDZ30FDM

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

CLINTON STRANGE,

Plaintiff

                                        6:18-CV-00180-ADA-JCM

v.

GLOBAL VIRTUAL OPPORTUNITIES, INC.,

Defendant

## [PROPOSED] ORDER ON MOTION FOR FINAL DEFAULT JUDGMENT

**THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised in the premises. On September 6, 2018, Defendant was served. Defendant's**

response to Plaintiff's Complaint was due on September 27, 2018. However, as of

December 6, 2018 Defendant has failed to respond to Plaintiff's Complaint and, in fact, has

failed to file an appearance in this case. Accordingly, it is

ORDERED AND ADJUDGED  that Plaintiff's Motion for a Judgement of Default be

GRANTED against Defendant.

DONE AND ORDERED in Chambers at _____,Texas on this _____day of

_____, 2019.

_____

Judge _____

UNITED STATES _____ JUDGE

Certificate of Service:

**1.** I, Clinton Strange, hereby certify that I have served upon the Defendant a copy of this court filing styled as "**PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT**" by placing a copy in the U.S. Mail with sufficient 1st class postage affixed on *12-6- 2018.*

2. The mailing was addressed to:

   Global Virtual Opportunities, Inc.
   6701 Guada Coma Drive
   Schertz, TX 78154

3. Under the pains and penalties of perjury of the laws of the United States of America I, Clinton Strange, declare that the above statements are both true and correct.

   X _Clinton Strange_                     *12-6-2018*
       Clinton Strange                      Dated

Pro Se
7021 Winburn Drive
Greenwood, LA 71033
318-423-5057
parsmllc@gmail.com

GVO Motion for Default
Judgement
Defendant Copy

```
=====================================
            GREENWOOD
          7070 ADAMS LN
            GREENWOOD
               LA
           71033-9998
           2138480639
12/06/2018  (800)275-8777   2:06 PM
=====================================
=====================================
Product               Sale       Final
Description            Qty        Price
-------------------------------------
First-Class            1         $1.84
Mail
Large Envelope
   (Domestic)
   (SCHERTZ, TX  78154)
   (Weight:0 Lb 4.70 Oz)
   (Estimated Delivery Date)
   (Monday 12/10/2018)
-------------------------------------
Total                            $1.84
-------------------------------------
Cash                             $2.00
Change                          ($0.16)

         Preview your Mail
         Track your Packages
         Sign up for FREE @
       www.informeddelivery.com


All sales final on stamps and postage
Refunds for guaranteed services only
       Thank you for your business

       HELP US SERVE YOU BETTER

       TELL US ABOUT YOUR RECENT
           POSTAL EXPERIENCE

            Go to:
   https://postalexperience.com/Pos

   840-5700-0315-002-00010-08147-02

         or scan this code with
           your mobile device:
```



```
       or call 1-800-410-7420.

        YOUR OPINION COUNTS




Bill #:  840-57000315-2-1008147-2
Clerk:   05
```





U.S. POSTAGE PAID
FCM LG ENV
GREENWOOD, LA
DEC 06, 18
AMOUNT
$1.84
R2305H129624-05

76701

1000

Clinton A. Strange
7021 Winburn Dr
Greenwood, LA 71033-3215

CLERK,
United States District Court
800 Franklin Avenue Room 380
Waco, TX 76701