IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| CLINTON STRANGE<br>*Plaintiff* | §<br>§<br>§ | |
| v. | § | CIVIL NO. 6:18-CV-0180-ADA-JCM |
| | § | |
| GLOBAL VIRTUAL<br>OPPORTUNITIES, INC.<br>*Defendant* | §<br>§<br>§ | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff's second Motion for Default Judgment. Docket No. 14. The Court denied Plaintiff's first Motion for Default Judgment on October 30, 2018. Docket No. 13. The Court has reviewed the motion, the governing law, and the case file and concludes that Plaintiff's Motion for Default Judgment should be granted.

### I. Background

Plaintiff Clinton Strange registered his cellphone number on the Federal Do Not Call Registry on January 3, 2018. Despite having registered his cellphone number on the Federal Do Not Call Registry, Mr. Strange alleges that Defendant Global Virtual Opportunities, Inc. sent him unwanted, unsolicited text messages. On July 5, 2018, Mr. Strange brought the instant action against Global Virtual Opportunities, Inc. for damages. Mr. Strange properly served Global Virtual Opportunities, Inc. Docket No. 8. As of the filing of this Order, Global Virtual Opportunities, Inc. has not answered, appeared, or otherwise defended themselves in this action. The Clerk of the Court entered a default on October 11, 2018. Docket No. 11. Plaintiff filed the instant Motion for Entry of Default Judgment on December 10, 2018. Global Virtual Opportunities, Inc. has failed to respond.

1

## II. Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a defendant has defaulted, the Court may enter a final judgment without conducting a trial on liability. Fed. R. Civ. P. 55(b). The plaintiff must also file an affidavit stating whether the defendant is in military service before the Court can issue a default judgment. 50 U.S.C.A. § 3931 (West) (formerly 50 App. U.S.C. § 521(b)(1)).

Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989)). A plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009). Granting a default judgment is generally a matter of discretion of the court. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

Obtaining an entry of default judgment is a three-step process: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment. *United States v. Padron*, No. 7:17-CV-00009, 2017 WL 2060308, at *2 (S.D. Tex. May 12, 2017). Here, as noted above, Global Virtual Opportunities, Inc. defaulted by failing to answer, appear, or otherwise defend themselves in this action. Moreover, entry of default against Global Virtual Opportunities, Inc. has been made by the Clerk of the Court. Therefore, the only remaining question is whether entry of a default judgment is appropriate. The Fifth Circuit has established a three-step inquiry in determining the propriety of a default judgment: (1) was the default judgment procedurally proper; (2) if the default judgment was procedurally proper, are the

plaintiff's claims meritorious; and (3) whether the requested relief is appropriate. *See, e.g., Padron*, 2017 WL 2060308 at *2.

### III. Discussion

**1. Default judgment against Global Virtual Opportunities is procedurally proper.**

First, Mr. Strange has provided sufficient evidence proving that Global Virtual Opportunities is not in military service. Mr. Strange has submitted an affidavit showing that Global Virtual Opportunities is not in military service. Docket No. 14 at 18–20. Furthermore, Global Virtual Opportunities is a corporation and cannot be said to be in military service.

The Fifth Circuit has set forth six factors for a court to consider in determining whether a default judgment is procedurally proper. *Id.* These factors are: "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *G&G Closed Circuit Events, LLC v. Mickey's Sports Bar & Grill, LLC*, No. 3:17-CV-01310-M, 2017 U.S. Dist. LEXIS 209912, at *3 (N.D. Tex. Dec. 21, 2017).

In the instant case, all these factors weigh in favor of granting a default judgment. First, Global Virtual Opportunities failed to file an answer; therefore, there are no material facts in dispute. *Padron*, 2017 WL 2060308 at *3. Second, Global Virtual Opportunities' failure to respond or otherwise appear threatens to cause substantial prejudice because it "threatens to bring the adversarial process to a halt, effectively prejudicing Plaintiff's interests." *Id.* Third, the grounds for default are clearly established because Global Virtual Opportunities has failed to answer or defend. Fourth, there is no indication that default was caused by a good faith mistake

or excusable neglect. Fifth, default judgment would not be harsh in this situation because the judgment would be for nothing more than what Global Virtual Opportunities owes under the law. Finally, the Court is unaware of any reason why it should set aside any default judgment it may enter. Because of the foregoing, default judgment is procedurally proper.

### 2. Mr. Strange's claims are meritorious.

In determining whether a plaintiff's claims are meritorious, the Court looks to the plaintiff's well-pleaded complaint because the "plaintiff's complaint must supply an 'adequate foundation' for the default judgment." *Whirlpool Corp. v. Global Purification, LLC*, No. 2:16-CV-463-JRG, 2017 WL 2099771, at *3 (E.D. Tex. May 15, 2017). In the default judgment context, a complaint is "well-pleaded" when it provides the defendant with fair notice of the claim. *Id.*

Mr. Strange's claim against Global Virtual Opportunities is meritorious. Title 47 of the United States Code places several restrictions on the use of automated telephone equipment. For example, any person within the United States is prohibited from making any call "using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call . . ." 47 U.S.C.A. § 227(b)(1)(A)(iii). Section 227(b)(3) creates a private right of action for violations of subsection (b). Under § 227(b)(3)(B), a plaintiff may bring "an action to recover for actual monetary loss . . . or [] receive up to $500 in damages for each [] violation, whichever is greater." If a court finds that a defendant "willfully or knowingly violated" the prescribed regulations, then a court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) . . ." 47 U.S.C.A. §§ 227(b)(3)(C).

Here, Mr. Strange has specifically alleged, and Global Virtual Opportunities has thus admitted by default, that he registered his cellphone number on the Federal Do Not Call

Registry. Docket No. 7 at ¶1. Despite registering on the Federal Do Not Call Registry, Mr. Strange alleges that Global Virtual Opportunities sent him an unwanted, unsolicited text message. *Id.* at ¶4. Relying on this specific action, Mr. Strange alleges that Global Virtual Opportunities violated § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to a telephone number assigned to a service for which Mr. Strange is charged for the call. *Id.* at ¶¶ 1–6. Furthermore, Mr. Strange alleges that Global Virtual Opportunities committed these violations willfully or knowingly, which would entitle Mr. Strange to treble damages, subject to the Court's discretion. *Id.* at ¶¶ 23–24. Therefore, under Title 47, Section 227(b)(3), Global Virtual Opportunities is liable to pay Mr. Strange up to $1,500.

### 3. The requested relief is appropriate under the circumstances.

Mr. Strange has only requested any damages that are allowed by the statute he claims Global Virtual Opportunities violated. Mr. Strange has requested $1,500 because he believes Global Virtual Opportunities willfully or knowingly violated § 227(b)(1)(A)(iii); however, only $500 is appropriate under the circumstances. Although Mr. Strange alleges that Global Virtual Opportunities acted willfully or knowingly, he has failed to provide any factual basis, beyond a conclusory statement, supporting this claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to *legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere *conclusory statements*, do not suffice.") (emphasis added). Because Mr. Strange has failed to plead sufficient facts showing that Global Virtual Opportunities acted willfully or knowingly, he is not entitled to treble damages; therefore, only $500 is appropriate under the circumstances.

## IV. Conclusion

Based on the foregoing analysis of the facts and legal principles, Plaintiff's Motion for Default Judgment is meritorious; therefore, Plaintiff is entitled to a default judgment against Defendant. Accordingly:

It is **ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED** and that a Final Default Judgment be entered in this case. It is **FURTHER ORDERED** that judgment be entered in favor of Plaintiff against Defendant in the amount of $500.

**SIGNED** this 8th day of January 2019.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE